## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ROLAND G. MCKIND,**                     CASE NO. 3:23 CV 882

     Plaintiff,

     v.                                   JUDGE JAMES R. KNEPP II

**U.S. BANK NATIONAL**
**ASSOCIATION, et al.,**
                                          **MEMORANDUM OPINION AND**
     Defendants.                          **ORDER**


### INTRODUCTION AND BACKGROUND

This is a *pro se* action filed by Plaintiff Roland G. McKind relating to a state foreclosure. In July 2022, a judgment of foreclosure was entered against Plaintiff in the Lucas County Court of Common Pleas in connection with property Plaintiff owned, and the subject property was scheduled for sale. *See U.S. Bank Nat'l Ass'n, Substitute Plaintiff MTGLQ Investors, L.P. v. Roland G. McKind, et al.*, No. G-4801-CI-0202001327-000 (Lucas Cnty. Ct. of Comm. Pleas).

This Court dismissed a prior action Plaintiff filed in federal court relating to the foreclosure. *See Roland G. McKind v. Lucas Cnty. Bd. of Comm'rs, et al.*, No. 3:23 CV 467 (N.D. Ohio) (May 23, 2023). In the prior case, Plaintiff sued the Lucas County Board of Commissioners and the Judge in the foreclosure case, asserting claims and violations of his rights in connection with the foreclosure. This Court dismissed the action on, among other grounds, the doctrines of *Rooker-Feldman* and *res judicata*. *Id.*

In this case, Plaintiff also seeks to challenge the propriety of the foreclosure. This time, he sues different defendants: U.S. Bank National Association as Trustee for NRZ Pass-Through Trust V11 ("U.S. Bank"), PHH Mortgage Corporation ("PHH"), MTGLQ Investors, L.P. ("MTGLQ"),

and Shellpoint Mortgage ("Shellpoint"). (Doc. 1). The specific claims he seeks to assert are not entirely clear,[1] but they challenge the propriety of the foreclosure and the validity of documents pertaining to his loan, which he contends are invalid due to forgery, fraud, or other irregularity. *See id*. at ¶¶ 4-10. He seeks damages and other relief. *Id.* at ¶ 44.

Defendants have filed Motions to Dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See* Doc. 17 (Motion of PHH); Doc.18 (Motion of U.S. Bank, MTGLQ, and Shellpoint). Among other grounds, they contend Plaintiff has no private right of action under federal criminal laws he cites and that his action is barred by the *Rooker-Feldman* doctrine.

Plaintiff has filed various Motions for Default Judgment against Defendants. (Docs. 11, 12, 13, 14, 15, 16). He also filed Motions for Summary Judgment (Docs. 23, 24, 25, 26), Amended Motions for Summary Judgment (Docs. 28, 29, 30, 31), and Motions to Compel Discovery (Docs. 32 and 33).

For the reasons that follow, Defendants' Motions to Dismiss are granted, Plaintiff's Motions are denied, and this action is dismissed.

## STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Plan.*

---

1. Plaintiff's Complaint refers to a number of federal criminal laws and provisions of the Uniform Commercial Code, and it lists nine "Counts," including "Wrongful Foreclosure," "Fraudulent Modified Note," "Identity Theft," "Forgery," "Extortion," "Mail Fraud," "Money Laundering," "Wire Fraud," and "Evidence Tampering." (Doc. 1, at 8).

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* complaints must satisfy Rule 12(b)(6) to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### DISCUSSION

As a preliminary matter, there is no basis for default judgment against any Defendant. All Defendants have appeared and responded to Plaintiff's Complaint in accordance with the Court's rules and orders. As such, Plaintiff's Motions for Default (Docs. 11, 12, 13, 14, 15, 16) are denied.

In addition, the Court agrees with Defendants that Plaintiff's Complaint fails to state a plausible claim upon which he may be granted relief. Plaintiff has no plausible claim under the criminal laws he cites. Criminal statutes generally do not confer a private right of action, and "courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'" *See Butler v. Karet*, 2021 WL 3633476, at *2 (N.D. Ohio) (quoting *Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018)). The statutes Plaintiff cites do not provide a private right of action. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79) (6th Cir. 1979) (18 U.S.C. § 1341 does not provide a private right of action); *Wardlaw v. City of Detroit*, 951 F.2d 351 (6th Cir. 1991) (table) (18 U.S.C. § 876 does not provide a private right of action); *Hariprasad v. Master Holdings, Inc.*, 788 F. App'x 783, 786-87 (2d Cir. 2019) (no basis identified for implying a private right of action under 18 U.S.C. § 473); *Malcom v. Colonial Life & Accident Co.*, 2022 WL 468949, at, *2-3 (E.D. Mich.) (18 U.S.C. §

471 does not provide a private right of action); *Acevedo v. Cerame*, 156 F. Supp. 3d 1326, 1329 (D.N.M. 2015) (no private right of action under 18 U.S.C. § 880).

Further, the Court finds Plaintiff's Complaint fails to state a plausible claim for the same reasons the Court dismissed Plaintiff's prior complaint relating to the foreclosure.

Whatever Plaintiff's claims are, they all rest on the premise that documents relating to his loan or the modification of his loan were invalid and that foreclosure of his property was unlawful. Those issues, however, were necessarily decided by the state court when it entered its foreclosure judgment against Plaintiff in connection with the property. *See, e.g., Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (action brought against mortgagee after state court order granted mortgagee possession of residence due to mortgagor's default was barred by *res judicata*); *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims where there was a prior, final decision on the merits in an underlying state foreclosure action).

Accordingly, Plaintiff's claims are barred by *res judicata*. This case involves the same parties, or parties in privity with them, as the state foreclosure action and arises out of the same transaction or occurrence, and Plaintiff's claims relating to the validity of his loan or mortgage could have been raised in the state case. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (explaining that, under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *Givens*, 278 F. App'x at 609.

In addition, to the extent Plaintiff seeks to invalidate the state court's judgment of foreclosure, his action is barred by the *Rooker-Feldman* doctrine, which provides that "lower

4

federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens*, 278 F. App'x at 608. The *Rooker–Feldman* doctrine bars claims which, like Plaintiff's claims here, "rest[] on the premise that [a] state court entry of foreclosure was invalid." *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005); *see also Heinz v. HSBC Mortg. Svcs., Inc.*, 2021 WL 4942198, at *6 (N.D. Ohio) (granting motions to dismiss a complaint challenging the validity of a state court foreclosure judgment on, among other grounds, the doctrines of *Rooker-Feldman* and *res judicata*).

CONCLUSION

For the forgoing reasons, good cause appearing, it is

ORDERED that Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. 17, 18) be, and the same hereby are, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motions for Default (Docs. 11-16), for Summary Judgment (Docs. 23-26, 28-31), and for Discovery (Docs. 32, 33) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that this action is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


/s *James R. Knepp II*
UNITED STATES DISTRICT JUDGE